**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10086 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:13-cr-00622-RCC-JR-1 |
| ANTHONY RAY SHIRLEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**]
District Judge.

Following a jury trial, Anthony Ray Shirley appeals his convictions on four

counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a), 2241(a)(2)

or (c), and 2246(2)(B) or (2)(C) and two counts of abusive sexual contact in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

violation of 18 U.S.C. §§ 1153(a), 2244(a)(5), and 2246(3). We reject the arguments raised in Shirley's opening brief and decline to reach the issues on which we invited supplemental briefing. Accordingly, we affirm Shirley's convictions.

**1.** The district court allowed the government to introduce evidence of Shirley's alcohol and drug use on the night of the incident, which he contends was an abuse of discretion. Shirley's counsel, however, was the first to mention the alcohol and drug use to the jury. Any error is therefore waived. *See Ohler v. United States*, 529 U.S. 753, 760 (2000); *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1130 (9th Cir. 2010).

**2.** Shirley next contends that the district court abused its discretion by not allowing him to introduce additional portions of his statement to police when the government introduced part of it. However, the portions that Shirley wanted to introduce were completely unrelated to what the government introduced and there was no risk of confusing or misleading the jury. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

**3.** Shirley also objects to the government's introduction of evidence of his refusal to voluntarily submit to a buccal swab. Shirley's counsel, however, was the

first to elicit testimony about the refusal and any error is therefore waived. *See Ohler*, 529 U.S. at 760.

**4.** Finally, Shirley claims that the district court should have given a spoliation instruction because the tribal police officers were unable to bring the physical evidence to trial due to an FBI lockdown of the tribe's evidence storage facility. However, Shirley never asked for access to the evidence and accordingly was never improperly denied access, rendering a spoliation instruction inappropriate. *Cf. United States v. Sivilla*, 714 F.3d 1168, 1173 (9th Cir. 2013).

**5.** In an order filed before oral argument, we directed the parties to brief additional issues that were not raised below or in Shirley's appellate brief. In its response, the government conceded (a) that the jury instructions erroneously included the "threat" requirement, 18 U.S.C. § 2241(a)(2), as an element of Counts Two through Four rather than Count One and that this error was obvious, though it disputed whether this error was prejudicial;[1] (b) that the instructions erroneously omitted the requirement (relevant to Count Three) that the penetration of the genital opening by a hand or finger be "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," 18 U.S.C.

---

[1] In addition, we note that the instruction allowed the jury to convict based on either force *or* threat, though force is an element under a different subsection, 18 U.S.C. § 2241(a)(1), that was not charged in the indictment.

§ 2246(2)(C), though it again disputed prejudice; (c) that the jury should have been instructed that the government was required to prove that Shirley performed each specific sexual act charged in the indictment, though it contended that the instructions as a whole implicitly conveyed this requirement; and (d) that Count One, as reflected in both the indictment and the judgment, was duplicitous because it charged Shirley with violations of both § 2241(a)(2) and § 2241(c), which define separate offenses,[2] though the government again disputed prejudice.[3]

While we have discretion to reach an issue despite appellate counsel's failure to include it in the opening brief, *see, e.g.*, *Zumel v. Lynch*, 803 F.3d 463, 475 n.14 (9th Cir. 2015), we decline to exercise that discretion in this case so that the district court can have an opportunity to consider these issues in the first instance. Shirley may raise them (and any other issues) through a motion under 28 U.S.C. § 2255 asserting ineffective assistance of trial and appellate counsel.

**AFFIRMED.**

---

[2] The government also appears to concede that to the extent Count One charges a violation of § 2241(c), it is multiplicitous with Count Two, which also charges a violation of § 2241(c) based on the same sexual act.

[3] We note that § 2241(c) carries a mandatory minimum of 30 years in prison, while § 2241(a)(2) does not.